# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE LANE<br>1475 Rupert Road<br>Pottstown, PA 19464<br><br>　　　　Plaintiff,<br>　　v.<br><br>ELIZABETH SNYDER<br>1012 E. Philadelphia Avenue<br>Gilbertsville, PA 19525<br>　　and<br>MAIN STREET FINANCIAL<br>PARTNERS, LLC<br>1012 E. Philadelphia Avenue<br>Gilbertsville, PA 19525<br>　　and<br>ELIZABETH SNYDER REAL<br>ESTATE, LLC<br>7605 Hillview Circle<br>Coopersburg, PA 18036<br><br>　　　　Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Christine Lane (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*) and applicable state law(s). Plaintiff asserts herein that she was not paid wages or overtime compensation in accordance with applicable state and federal laws and that her retaliatory termination promptly followed complaints of such illegality. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Main Street Financial Partners, LLC (hereinafter "Defendant MSFP") is a brokerage focusing in selling and providing financial and insurance products and/or advice to the general public, retirement planning and Medicare coordination. This entity operates at the above-captioned address in Pennsylvania.

8. Defendant Elizabeth Snyder Real Estate, LLC (hereinafter "Defendant ESRE") is a company registered with the Commonwealth of Pennsylvania at the above-captioned address and an entity engaging in the sale of real estate.

9. Elizabeth Snyder (hereinafter "Defendant Snyder") is the owner, primary shareholder, and high-level operations manager (and President) of Defendants MSFP and ESRE.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff became employed with Defendants on or about June 11, 2018. In total, Plaintiff was employed with Defendants for approximately 3 months, through on or about September 10, 2018.

13. There phrase "became employed with Defendants" is used herein because upon hire and through termination, Plaintiff performed work for anything Defendant Snyder desired, requested or needed related to anything she did to generate money (including for any of her businesses). By way of further clarification:

> (A) Plaintiff was informed upon hire by Defendant Snyder she would be assisting with all types of financial or brokerage work within Defendant MSFP, which operated within 2 separate locations (Gilbertsville and Bethlehem);
>
> (B) Plaintiff processed miscellaneous paperwork, helped organize the office, sent and received documents, and generally processed information for Defendant MSFP related to income generation and production for all types of insurance sales products;

3

  (C) Plaintiff was also regularly directed to help process paperwork and coordinate matters for Defendant Snyder's real-estate operations, sales and showings; and

  (D) Plaintiff was used as personal assistant in many ways by being sent on personal errands whenever requested by Defendant Snyder.

14. Although Plaintiff performed a hybrid role consisting of duties which included but were not limited to sales, secretary, receptionist, office coordination, and personal assistant, she was *only paid* through Defendant MSFP for all of her work and compensation (despite consistently working for Defendant Snyder and all of her business interests).

15. Plaintiff was paid by Defendants on a bi-weekly basis, every 2 weeks. Plaintiff was paid hourly, her pay would fluctuate during pay periods, and she was never paid a set salary. *See e.g.* 4 Pay Stubs, attached collectively hereto as "Exhibit A" (illustrating pay fluctuated each week).

16. Plaintiff was paid at a rate of $14.00 per hour through her employment with Defendants, also identified under "RATE" in Plaintiff's paystubs. *See* "Exhibit A."

17. There is no applicable state or federal overtime exemption from overtime pay entitlements which would apply to Plaintiff for **2** reasons. First, she didn't have primary duties which would make her exempt. Second, she was paid hourly which *automatically bars* the applicability of any potential exemption. Thus, it could not be disputed that Plaintiff was at all times during her employment *a non-exempt employee.*

18. Despite Plaintiff being obviously non-exempt and entitled to overtime, Defendants simply *refused* to pay Plaintiff overtime compensation. A review of "Exhibit A" attached hereto shows that in pay periods wherein Plaintiff regularly worked overtime, she was still paid at the same hourly rate of $14.00 per hour for any overtime worked ***instead of*** $21.00 per hour.

4

19. For example, in the paystub (as part of Exhibit A) for "pay period" 7/22/18 – 8/4/08, Plaintiff worked 97 hours (17 hours of overtime). Plaintiff's gross pay for the pay period was $1358.00, which divisibly by $14.00 is 97 (the exact amount of hours Plaintiff was identified as having worked that period). This illustrates Plaintiff was **never** paid at a rate of time and one half of her normal hourly rate for hours in excess of 40 per week.

20. Plaintiff was only paid at her regular hourly pay rate for each and every worked despite consistently averaging 5-10 hours of overtime per week, also commonly known or referred to as only paying employees "straight time" for overtime hours.

21. Defendants were aware of their overtime obligations because *inter alia*:

(A) Plaintiff specifically expressed concerns of non-receipt of full overtime compensation on multiple occasions. Defendant Snyder conceded knowing of the obligation but defended she would make it up to Plaintiff in other ways financially going forward.

(B) Defendant Snyder, an owner and operator of multiple businesses, is sophisticated and despite it being common knowledge that overtime is paid to hourly employees - - she also is very business savvy and knew specifically of her obligations while refusing to do so.

(C) Defendant Snyder issued payroll directly from her own business and intentionally omitted from her pay stubs any reference to "overtime" and instead included all hours as regular pay. *See* Exhibit A.

(D) Defendant Snyder had printouts of specific time worked by Plaintiff wherein the automated printouts specifically delineated Plaintiff's overtime hours as "OT." *See e.g.* "Exhibit B." But Defendant Snyder concealed the OT worked in actual paystubs and still refused to compensate Plaintiff any differently despite seeing each payroll period that Plaintiff worked overtime hours.

5

22. Defendants' actions clearly did not demonstrate good-faith compliance with the FLSA, which is why liquidated (double) damages are "automatically" warranted.[1]

23. In the last month of her employment, Plaintiff engaged in protected activity by expressing concerns of non-compliance with overtime law(s) to Defendant Snyder.

24. Instead of addressing Plaintiff's concerns as aforesaid, Plaintiff was terminated in close temporal proximity to her concerns and request for proper compensation (protected activity).[2]

25. Plaintiff was informed her termination was due to a reorganization, implying she was being laid off for a closing of her location. Instead, her location was remodeled and Plaintiff was replaced.

26. Plaintiff thus asserts multiple claims herein: (1) unpaid wages and overtime; and (2) unlawful termination from employment for retaliatory reasons. Plaintiff was also terminated

---

[1] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm**, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[2] *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 8, 131 S. Ct. 1325, 1331 (2011)(verbal complaints of unpaid overtime are protected activity under the FLSA prohibiting retaliation)

right before she was to get a pay increase as previously discussed and other entitlements demonstrating clear animosity for her prior protected activities.

27. Defendant Snyder personally oversaw operations, was a high-level manager and owner, condoned and perpetuated unlawful pay to employees and evaded wage or overtime obligations. Defendant Snyder was aware of such violations, caused such violations, and exercised full control over the illegal schemes as aforesaid. She is thus also personally liable for such claims herein, as well as for the retaliatory termination of Plaintiff.[3]

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime & Retaliatory Termination)**
**- Against All Defendants -**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Defendants have and continue to be an enterprise and employer under the FLSA, and Defendants had a clear responsibility to pay Plaintiff overtime compensation.

30. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

31. Plaintiff was terminated from Defendants because she raised concerns of unpaid overtime with Defendants, which constitutes unlawful termination.

---

[3] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages are appropriate defendants under the FLSA and may be individually liable for such violations).

## Count II
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Compensation)
### - Against All Defendants -

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Pennsylvania Minimum Wage Act ("PMWA"), also permitting individual liability.

## Count III
## Violations of the Pennsylvania Wage & Collection Law ("PWCL")
### (Failure to Pay Full Wage(s) Owed)
### - Against All Defendants -

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff believes and therefore avers that she was not properly paid for all time worked through her 40 hour workweeks including for breaks, for improper deductions, and for off-the clock work.

36. Defendants' failure to pay Plaintiff her full wages for her first 40 hours of work in several weeks even where Plaintiff worked additional time constitutes a violation of the PWCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting wage and overtime and wage violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

8

Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.  Plaintiff is to be awarded actual damages to which he legally entitled beyond those already specified herein;

D.  Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law;

E.  Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.  Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.  Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 22, 2019

# Exhibit A

**MAIN STREET FINANCIAL PARTNERS LLC**
GILBERTSVILLE PA 19525

**PAYROLL VOUCHER**
CO. NO. 17812

| DEPT NO | EMPL NO | EMPLOYEE NAME | TAXPAYER ID | FED WH STATUS | PAY PERIOD | CHECK DATE | ORDER NO |
|---|---|---|---|---|---|---|---|
| 1 | 15 | CHRISTINE E LANE | XXX-XX-4928 | S 5 | 6/10/18-6/23/18 | 6/29/18 | 35 |

| EARNINGS | HOURS/UNITS | RATE | THIS PAY | DEDS | THIS PAY | Y-T-D | DESCR | THIS PAY | Y-T-D |
|---|---|---|---|---|---|---|---|---|---|
| REG | 89.50 | 14.000 | 1253.00 | SOCSEC | 77.69 | 77.69 | GROSS | 1253.00 | 1253.00 |
|  |  |  |  | MDCARE | 18.17 | 18.17 |  |  |  |
|  |  |  |  | FED WH | 31.26 | 31.26 |  |  |  |
|  |  |  |  | PA TAX | 38.47 | 38.47 |  |  |  |
|  |  |  |  | CTY TX | 12.53 | 12.53 |  |  |  |
|  |  |  |  | SUI | .75 | .75 |  |  |  |
|  |  |  |  | LST | 2.00 | 2.00 |  |  |  |
| **TOTAL PAY** |  |  | 1253.00 | **TOTAL DEDUCTIONS** |  | 180.87 | **NET PAY** |  | 1072.13 |

| | TAXABLE WAGES | |
|---|---|---|
| | THIS PAY | YTD |
| FEDERAL | 1253.00 | 1253.00 |
| SOCSEC | 1253.00 | 1253.00 |
| MDCARE | 1253.00 | 1253.00 |
| STATE | 1253.00 | 1253.00 |
| LOCAL | 1253.00 | 1253.00 |

**PAY STATEMENT**
PLEASE VERIFY YOUR NAME, ADDRESS AND FEDERAL STATUS.

**MAIN STREET FINANCIAL PARTNERS LLC**
GILBERTSVILLE PA 19525

**PAYROLL VOUCHER**
CO. NO. 17812

| DEPT NO | EMPL NO | EMPLOYEE NAME | TAXPAYER ID | FED WH STATUS | PAY PERIOD | CHECK DATE | DIRDEP NO |
|---|---|---|---|---|---|---|---|
| 1 | 15 | CHRISTINE E LANE | XXX-XX-4928 | S 5 | 7/08/18-7/21/18 | 7/27/18 | 42 |

| EARNINGS | HOURS/UNITS | RATE | THIS PAY | DEDS | THIS PAY | Y-T-D | DESCR | THIS PAY | Y-T-D |
|---|---|---|---|---|---|---|---|---|---|
| REG | 72.00 | 14.000 | 1008.00 | SOCSEC | 62.50 | 209.63 | GROSS | 1008.00 | 3381.00 |
| | | | | MDCARE | 14.62 | 49.03 | | | |
| | | | | FED WH | 6.76 | 55.98 | | | |
| | | | | PA TAX | 30.95 | 103.80 | | | |
| | | | | CTY TX | 10.08 | 33.81 | | | |
| | | | | SUI | .60 | 2.02 | | | |
| | | | | LST | 2.00 | 6.00 | | | |
| | TOTAL PAY | | 1008.00 | TOTAL DEDUCTIONS | | 127.51 | NET PAY | | 880.49 |

| | TAXABLE WAGES | |
|---|---|---|
| | THIS PAY | YTD |
| FEDERAL | 1008.00 | 3381.00 |
| SOCSEC | 1008.00 | 3381.00 |
| MDCARE | 1008.00 | 3381.00 |
| STATE | 1008.00 | 3381.00 |
| LOCAL | 1008.00 | 3381.00 |

**PAY STATEMENT**

**MAIN STREET FINANCIAL PARTNERS LLC**
GILBERTSVILLE PA 19525

**PAYROLL VOUCHER**
CO. NO.  17812

| DEPT NO | EMPL NO | EMPLOYEE NAME | TAXPAYER ID | FED WH STATUS | PAY PERIOD | CHECK DATE | ORDER NO |
|---|---|---|---|---|---|---|---|
| 1 | 15 | CHRISTINE E LANE | XXX-XX-4928 | S 5 | 7/22/18-8/04/18 | 8/10/18 | 47 |

| EARNINGS | HOURS/UNITS | RATE | THIS PAY | DEDS | THIS PAY | Y-T-D | DESCR | THIS PAY | Y-T-D |
|---|---|---|---|---|---|---|---|---|---|
| EG | 97.00 | 14.000 | 1358.00 | SOCSEC | 84.20 | 293.83 | GROSS | 1358.00 | 4739.00 |
| | | | | MDCARE | 19.69 | 68.72 | | | |
| | | | | FED WH | 42.79 | 98.77 | | | |
| | | | | PA TAX | 41.69 | 145.49 | | | |
| | | | | CTY TX | 13.58 | 47.39 | | | |
| | | | | SUI | .81 | 2.83 | | | |
| | | | | LST | 2.00 | 8.00 | | | |

| TOTAL PAY | 1358.00 | TOTAL DEDUCTIONS | 204.76 | NET PAY | 1153.24 |
|---|---|---|---|---|---|

| | TAXABLE WAGES | |
|---|---|---|
| | THIS PAY | YTD |
| FEDERAL | 1358.00 | 4739.00 |
| SOCSEC | 1358.00 | 4739.00 |
| MDCARE | 1358.00 | 4739.00 |
| STATE | 1358.00 | 4739.00 |
| LOCAL | 1358.00 | 4739.00 |

**PAY STATEMENT**

**MAIN STREET FINANCIAL PARTNERS LLC**
GILBERTSVILLE PA 19525

**PAYROLL VOUCHER**
CO. NO. 17812

| DEPT NO | EMPL NO | EMPLOYEE NAME | TAXPAYER ID | FED WH STATUS | PAY PERIOD | CHECK DATE | DIRDEP NO |
|---|---|---|---|---|---|---|---|
| 1 | 15 | CHRISTINE E LANE | XXX-XX-4928 | S 5 | 8/05/18-8/18/18 | 8/24/18 | 52 |

| EARNINGS | HOURS/UNITS | RATE | THIS PAY | DEDS | THIS PAY | Y-T-D | DESCR | THIS PAY | Y-T-D |
|---|---|---|---|---|---|---|---|---|---|
| REG | 80.00 | 14.000 | 1120.00 | SOCSEC | 69.44 | 363.27 | GROSS | 1120.00 | 5859.00 |
| | | | | MDCARE | 16.24 | 84.96 | | | |
| | | | | FED WH | 17.96 | 116.73 | | | |
| | | | | PA TAX | 34.38 | 179.87 | | | |
| | | | | CTY TX | 11.20 | 58.59 | | | |
| | | | | SUI | .67 | 3.50 | | | |
| | | | | LST | 2.00 | 10.00 | | | |

| TOTAL PAY | 1120.00 | TOTAL DEDUCTIONS | 151.89 | NET PAY | 968.11 |
|---|---|---|---|---|---|

| | TAXABLE WAGES | |
|---|---|---|
| | THIS PAY | YTD |
| FEDERAL | 1120.00 | 5859.00 |
| SOCSEC | 1120.00 | 5859.00 |
| MDCARE | 1120.00 | 5859.00 |
| STATE | 1120.00 | 5859.00 |
| LOCAL | 1120.00 | 5859.00 |

**PAY STATEMENT**

# Exhibit B

## Tina Lane
08/18/2018 to 08/31/2018

| | Regular | PTO | OT | DT | Total Hours |
|---|---|---|---|---|---|
| | 80.00 | 0.00 | 11.12 | 0.00 | 91.12 |

| Time In | Time out | Duration | Job | |
|---|---|---|---|---|
| **August 20, 2018** | | | | 9.07 |
| 8:02am | 5:06pm | 9h 4m | In Office - BTH | |
| **August 21, 2018** | | | | 9.52 |
| 8:10am | 11:37am | 3h 27m | In Office - BTH | |
| 12:15pm | 1:30pm | 1h 15m | In Office - BTH | |
| 1:30pm | 6:19pm | 4h 49m | In Office - BTH | |
| **August 22, 2018** | | | | 8.87 |
| 8:28am | 5:20pm | 8h 52m | In Office - GBV | |
| NOTES: Fixed Job | | | | |
| **August 23, 2018** | | | | 8.83 |
| 8:30am | 5:20pm | 8h 50m | In Office - GBV | |
| **August 24, 2018** | | | | 10.22 |
| 8:29am | 6:42pm | 10h 13m | In Office - GBV | |
| **August 27, 2018** | | | | 8.95 |
| 8:25am | 5:22pm | 8h 57m | In Office - GBV | |
| **August 28, 2018** | | | | 8.50 |
| 8:30am | 5:00pm | 8h 30m | In Office - GBV | |
| NOTES: Adjusted by BJM | | | | |
| **August 29, 2018** | | | | 9.10 |
| 8:34am | 5:40pm | 9h 6m | In Office - GBV | |
| **August 30, 2018** | | | | 8.86 |
| 8:38am | 10:28am | 1h 50m | In Office - BTH | |
| 10:28am | 5:30pm | 7h 2m | In Office - GBV | |
| NOTES: adj by BJM | | | | |
| **August 31, 2018** | | | | 9.20 |
| 8:00am | 5:12pm | 9h 12m | In Office - GBV | |

Generated for Main Street Financial Partners    09/05/2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| Chirstine Lane | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| Elizabeth Snyder, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/22/2019 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1475 Rupert Road, Pottstown, PA 19464

Address of Defendant: 1012 E. Philadelphia Avenue, Gilbertsville, PA 19525

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/22/2019  _____ Attorney-at-Law / Pro Se Plaintiff  ARK2484 / 91538  Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [X] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/22/2019  _____ Attorney-at-Law / Pro Se Plaintiff  ARK2484 / 91538  Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LANE, CHRISTINE

**DEFENDANTS**
ELIZABETH SNYDER, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/22/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]